KTS:McCrosson
Mcrosson Information 3A
2010R01246

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITES STATES OF AMERICA | : |
| v. | : Criminal No. 11-137 (JEI) |
| ANDREW J. McCROSSON, JR. | : 18 U.S.C. § 1343, 18 U.S.C. § 2, and |
| a/k/a "Drew McCrosson" | : 2 U.S.C. § 439a(b) & |
| | : § 437g(d)(1)(A) |

## INFORMATION

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey and the Chief, Public Integrity Section, Criminal Division, U.S. Department of Justice charge:

### COUNT 1
### (Wire Fraud)

### Background

1. At all times relevant to this Information, defendant Andrew J. McCrosson, Jr. was the Campaign Treasurer for the election campaign committee and, subsequently, the re-election campaign committees for Representative Frank A. LoBiondo of the Second Congressional District of New Jersey. The election and re-election campaign committees were officially known as "LoBiondo for Congress."

2. At all times relevant to this Information, Rep. LoBiondo was a "candidate" for "federal office" as those terms are defined in Title 2, United States Code, Sections 431(2) and 431(3).

3. As Campaign Treasurer for LoBiondo for Congress, the duties of defendant Andrew J. McCrosson, Jr. included, among others:

    a. Maintaining financial records of, and for, the campaign committee;

    b. Keeping track of the contributions to and expenditures of the campaign committee; and

    c. Filing necessary submissions with the Federal Election Commission ("FEC") reporting, among other things, contributions, contributors, expenditures and the overall financial condition of the campaign committee.

4. The FEC administers and enforces the Federal Election Campaign Act ("FECA"). The FECA requires candidate committees to file periodic reports disclosing the money that they raise and spend.

5. At all times relevant to this Information, the LoBiondo for Congress campaign committee maintained bank accounts into which campaign "contributions," as such contributions are defined in Title 2, United States Code, Section 431(8), were deposited and from which expenditures, as such term is defined in Title 2, United States Code, Section 431(9), of the campaign committee were paid. These expenditures were paid by checks written on bank accounts held by the campaign committee. Defendant Andrew J. McCrosson, Jr. was the sole signatory on these accounts.

6. As the Campaign Treasurer, defendant Andrew J. McCrosson, Jr. was paid, at a minimum per election cycle or at the most per calendar year, a fee as determined by the LoBiondo for Congress campaign committee. The term "election cycle," as defined in Title 2, United States Code, Section 431(25), is the period beginning on the day after the date of the most

2

recent election for the specific office or seat that a candidate is seeking and ending on the date of the next election for that office or seat. The fee ranged from $3,000 to $8,000 per election cycle. For the LoBiondo for Congress campaign, the election cycles were a period of approximately two years.

7. As the Campaign Treasurer, defendant Andrew J. McCrosson, Jr. also acted as the custodian for the financial records of the LoBiondo for Congress campaign committee. Title 2, United States Code, Section 432 requires the CampaignTreasurer of a campaign committee for an individual seeking federal office to keep records for three years for all committee contributions, expenditures, receipts and disbursements. Defendant McCrosson was the sole person within the LoBiondo for Congress campaign committee responsible for these financial records. There were no periodic reviews or audits of the records or accounting practices associated with the financial activities of the campaign committee other than the filing of required reports with the FEC, all of which were generated by defendant McCrosson in his capacity as Campaign Treasurer.

8. At all times relevant to this Information, defendant Andrew J. McCrosson, Jr. performed his duties as Campaign Treasurer chiefly from his home in Marmora, New Jersey and, starting in 2007, from his home in Egg Harbor Township, New Jersey. At his home, defendant McCrosson maintained an office and a personal computer which he utilized for several tasks required of him as Campaign Treasurer, including, but not limited to, generating and filing documents and forms with the FEC. Defendant McCrosson filed these forms with the FEC by transmitting the electronically created forms with the data inputted by defendant McCrosson and other campaign personnel through the Internet.

9. The primary method of disclosure by candidate election committees is through an FEC Form 3, Reports of Receipts and Disbursements for an Authorized Committee. Among other things, the Form 3 lists for the reporting period, the net contributions, total operating expenditures, and cash on hand. These forms are electronically filed with the FEC by the campaign committee's Campaign Treasurer and are thereafter made public through a variety of means including an online database controlled by the FEC. Since January 1, 2001, electronic filing of FEC Forms 3 has been mandatory for FEC filers receiving contributions or making expenditures in excess of $50,000.

10. The FEC maintains offices in the District of Columbia. The electronically filed FEC Forms 3 are received by computer servers located in Sterling, Virginia, and are thereafter forwarded to offices of the FEC in the District of Columbia.

11. Each Form 3 contains the following warning: "Submission of false, erroneous, or incomplete information may subject the person signing this Report to the penalties of 2 U.S.C 437g." Since the form is digitally filed it is not physically signed, but rather is digitally signed by the placement of the filer's name on the line marked "Signature of Treasurer."

12. The FECA requires that contributions to a candidate's campaign committee aggregating in excess of $200 during an election cycle, or from an individual or entity which, through multiple contributions exceeds $200 in their aggregate during an election cycle, be reported on the FEC Form 3.

13. The FECA requires that expenditures of a candidate's campaign committee aggregating in excess of $200 during an election cycle, or from an individual or entity which, through multiple expenditures exceeds $200 in their aggregate during an election cycle, be

reported on the FEC Form 3.

## The Scheme and Artifice to Defraud

14. From in or about 1995 to on or about August 23, 2010, in the District of New Jersey and elsewhere, defendant

ANDREW J. McCROSSON, JR.,
a/k/a "Drew McCrosson,"

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud LoBiondo for Congress and its contributors, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

## Object of the Scheme and Artifice to Defraud

15. The primary object of the scheme and artifice to defraud was for defendant Andrew J. McCrosson, Jr. to embezzle, in the aggregate, approximately $458,000 from the LoBiondo for Congress campaign committee and its contributors and convert that money for his personal use or the use of others unrelated to LoBiondo for Congress, such as repayment of a federal income tax lien, home mortgage payments, college tuition payments for his children, and other living expenses, and to conceal such embezzlement from LoBiondo for Congress, the FEC and the public.

## The Manner and Means of the Scheme and Artifice to Defraud

16. To further the scheme and artifice and to effect its object, defendant Andrew J. McCrosson, Jr. fraudulently wrote checks from the LoBiondo for Congress bank account, without authorization and for no legitimate campaign expenditure, for his own personal use and benefit, or for the use and benefit of others unrelated to the LoBiondo for Congress campaign

committee, thereby defrauding LoBiondo for Congress and its contributors by the conversion of funds contributed to the campaign committee for its use and benefit in the election and re-election of Rep. LoBiondo.

17. To further the scheme and artifice and to effect its object, defendant Andrew J. McCrosson, Jr. caused false FEC Forms 3 to be filed with the FEC that failed to report all of the checks written to himself from the LoBiondo for Congress bank account as expenditures of the campaign committee in an effort to disguise his fraud and conversion of campaign committee funds.

18. To further the scheme and artifice and to affect its object, defendant Andrew J. McCrosson, Jr. materially misrepresented on FEC Forms 3 the cash on hand at the close of the reporting periods, by electronically transmitting FEC Forms 3 from New Jersey to the FEC in the District of Columbia, including but not limited to the following:

| FILING | DATE FILED | REPORTING PERIOD | DESCRIPTION |
| --- | --- | --- | --- |
| FEC Form 3 - July Quarterly - 2010 | July 13, 2010 | May 20, 2010 to June 30, 2010 | Falsely reported cash on hand as $1,170,976.14 when bank statements revealed actual cash on hand as $636,257.15 |
| FEC Form 3 - Year-End - 2009 | January 28, 2010 | October 1, 2009, to December 31, 2009 | Falsely reported cash on hand as $1,122,460.53 when bank statements revealed actual cash on hand as $603,763.80 |
| FEC Form 3 - Year-End - 2008 | January 29, 2009 | November 25, 2008, to December 31, 2008 | Falsely reported cash on hand as $1,177,314.59 when bank statements revealed actual cash on hand as $712,923.69 |

| FILING | DATE FILED | REPORTING PERIOD | DESCRIPTION |
|---|---|---|---|
| FEC Form 3 - Second Amended Year-End - 2007 | June 13, 2008 | October 1, 2007, December 31, 2007 | Falsely reported cash on hand as $1,395,321.59 when bank statements revealed actual cash on hand as $949,075.65 |
| FEC Form 3 - Year-End - 2006 | January 26, 2007 | November 28, 2006, to December 31, 2006 | Falsely reported cash on hand as $1,332,006.63 when bank statements revealed actual cash on hand as $1,079,954.46 |
| FEC Form 3 - Year-End - 2005 | January 31, 2006 | October 1, 2005, to December 31, 2005 | Falsely reported cash on hand as $1,628,568.39 when bank statements revealed actual cash on hand as $1,328,514.12 |

19. On or about July 13, 2010, for the purpose of executing the above scheme and artifice, at Egg Harbor Township, in the District of New Jersey and elsewhere, defendant

ANDREW J. McCROSSON, JR.,
a/k/a "Drew McCrosson,"

did knowingly and intentionally transmit, and did cause to be transmitted, in interstate commerce, writings, signs, signals, and sounds, that is, an electronically transmitted FEC Form 3 from New Jersey to the FEC in the District of Columbia which falsely stated that the cash on hand for the campaign committee was $1,170,976.14.

In violation of Title 18, United States Code, Section 1343, and Title 18, United States Code, Section 2.

## COUNT 2
### (Embezzlement and Conversion of Funds Contributed to a Federal Candidate)

1. Paragraphs 1 to 13 and Paragraphs 16 to 18 of Count 1 of this Information are realleged and incorporated herein.

2. From in or about 1995 to on or about August 23, 2010, at Egg Harbor Township, in the District of New Jersey, and elsewhere, defendant

ANDREW J. McCROSSON, JR.,
a/k/a "Drew McCrosson,"

knowingly and willfully converted approximately $458,000 in contributions to a federal candidate to his personal use in an amount which aggregated to $25,000 and more during a calendar year, that is, contributions to Representative Frank A. LoBiondo, a candidate for the Office of Member of the United States House of Representatives.

In violation of Title 2, United States Code, Sections 439a(b) and 437g(d)(1)(A)(i).

PAUL J. FISHMAN
United States Attorney

JACK SMITH
Chief, Public Integrity Section
Criminal Division
U.S. Department of Justice

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

ANDREW J. McCROSSON, JR.,
a/k/a "Drew McCrosson"

## INFORMATION

18 U.S.C. § 1343,
18 U.S.C. § 2,
and
2 U.S.C. § 439a(b) &
§ 437g(d)(1)(A)

### PAUL J. FISHMAN
*U.S. ATTORNEY  NEWARK, NEW JERSEY*

KEVIN T. SMITH, AUSA, CAMDEN, NJ
NANCY SIMMONS, TRIAL ATTORNEY, DOJ
TRACY PLOWELL, TRIAL ATTORNEY, DOJ

KTS:McCrosson\Information Backer