**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*Paul J. Fishman*
*United States Attorney*

*Kevin T. Smith*
*Senior Litigation Counsel*
*Assistant U.S. Attorney*

*Camden Federal Building and U.S. Courthouse*        856–968–4928
*401 Market Street, Fourth Floor*
*Mailing address: P. O. Box 2098*                         Fax: 856-968-4917
*Camden, New Jersey 08101*
                                            Email: Kevin.Smith5@usdoj.gov

January 4, 2011

KTS:McCrosson
McCrosson Plea Agreement 2A
2010R01246

Cr. 11 - 137 (JEI)

James J. Leonard, Jr., Esq.
1200 Atlantic Avenue
Atlantic City, New Jersey 08401

            Re:  <u>Plea Agreement with Andrew J. McCrosson, Jr.</u>

Dear Mr. Leonard:

     This letter sets forth the plea agreement between your
client, Andrew J. McCrosson, Jr., and the United States Attorney
for the District of New Jersey and the Chief of the Public
Integrity Section, Criminal Division, U.S. Department of Justice
(hereinafter "the United States").

<u>Charge</u>

     Conditioned on the understandings specified below, the
United States will accept a guilty plea from Andrew J. McCrosson,
Jr. to a two-count Information which charges in Count 1, wire
fraud in violation of 18 U.S.C. § 1343, and in Count 2,
conversion of campaign funds, in violation of 2 U.S.C. §§ 439a(b)
and 437g(d)(1)(A)(i).  If Andrew J. McCrosson, Jr. enters a
guilty plea and is sentenced on these charges, and otherwise
fully complies with all of the terms of this agreement, the
United States will not initiate any further criminal charges
against Andrew J. McCrosson, Jr. for embezzlement and conversion
of campaign funds through his position as Campaign Treasurer for
LoBiondo for Congress Campaign Committee through in or about 1995
to on or about August 23, 2010, and his knowing and willful
submission by wire of false and misleading filings to the Federal
Election Commission in connection with the LoBiondo for Congress
campaign committees during this time frame in an effort to
disguise his embezzlement and conversion.  However, in the event

that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Andrew J. McCrosson, Jr. agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Andrew J. McCrosson, Jr. may be commenced against him, notwithstanding the expiration of the limitations period after Andrew J. McCrosson, Jr. signs the agreement.

<u>Sentencing</u>

**Count 1: [Wire Fraud]**
The violation of 18 U.S.C. § 1343 as charged in Count 1 to which Andrew J. McCrosson, Jr. agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greater of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

**Count 2: [Conversion of Campaign Funds]**
The violation of 2 U.S.C. §§ 439a(b) and 437g(d)(1)(A)(i) as charged in Count 2 to which Andrew J. McCrosson, Jr. agrees to plead guilty carries a statutory maximum prison sentence of 5 years, and a statutory maximum fine equal to the greater of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

**Counts 1 and 2: [The Following Three Paragraphs Apply]**
The sentence on each count may run consecutively.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Andrew J. McCrosson, Jr. is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  The United States cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Andrew J. McCrosson, Jr. ultimately will receive.

2

Further, in addition to imposing any other penalty on Andrew
J. McCrosson, Jr., the sentencing judge: (1) will order Andrew
J. McCrosson, Jr. to pay an assessment of $100 per count pursuant
to 18 U.S.C. § 3013, which assessment must be paid by the date of
sentencing; (2) must order Andrew J. McCrosson, Jr. to pay
restitution pursuant to 18 U.S.C. § 3663A(c); (3) may order
Andrew J. McCrosson, Jr., pursuant to 18 U.S.C. § 3555, to give
notice to any victims of his offenses; and (4) pursuant to 18
U.S.C. § 3583, may require Andrew J. McCrosson, Jr. to serve a
term of supervised release of not more than 3 years per count,
which will begin at the expiration of any term of imprisonment
imposed.   Should Andrew J. McCrosson, Jr. be placed on a term of
supervised release and subsequently violate any of the conditions
of supervised release before the expiration of its term, Andrew
J. McCrosson, Jr. may be sentenced to not more than 2 years
imprisonment per count in addition to any prison term previously
imposed, regardless of the statutory maximum term of imprisonment
set forth above and without credit for time previously served on
post-release supervision, and may be sentenced to an additional
term of supervised release.

Restitution

Andrew J. McCrosson, Jr. understands that pursuant to 18
U.S.C. § 3663A(c), restitution is mandatory.   He agrees to make
full restitution for all losses resulting from the offenses of
conviction or from the scheme, conspiracy, or pattern of criminal
activity underlying those offenses, to the LoBiondo for Congress
Campaign Committee in an amount to be determined at sentencing.

Rights of The United States Regarding Sentencing

Except as otherwise provided in this agreement, the United
States reserves its right to take any position with respect to
the appropriate sentence to be imposed on Andrew J. McCrosson,
Jr. by the sentencing judge, to correct any misstatements
relating to the sentencing proceedings, and to provide the
sentencing judge and the United States Probation Office all law
and information relevant to sentencing, favorable or otherwise.
In addition, the United States may inform the sentencing judge
and the United States Probation Office of:   (1) this agreement;
and (2) the full nature and extent of Andrew J. McCrosson, Jr.'s
activities and relevant conduct with respect to this case.

Stipulations

The United States and Andrew J. McCrosson, Jr. agree to
stipulate at sentencing to the statements set forth in the

3

attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of the United States is based on the information and evidence that the United States possesses as of the date of this agreement.  Thus, if the United States obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, the United States shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either the United States or Andrew J. McCrosson, Jr. from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, the United States and Andrew J. McCrosson, Jr. waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

Andrew J. McCrosson, Jr. understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  Andrew J. McCrosson, Jr. understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  Andrew J. McCrosson, Jr. wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Andrew J. McCrosson, Jr. understands that he is bound by his

4

guilty plea regardless of any immigration consequences of the
plea.  Accordingly, Andrew J. McCrosson, Jr. waives any and all
challenges to his guilty plea and to his sentence based on any
immigration consequences, and agrees not to seek to withdraw his
guilty plea, or to file a direct appeal or any kind of collateral
attack challenging his guilty plea, conviction, or sentence,
based on any immigration consequences of his guilty plea.

<u>Other Provisions</u>

        This agreement is limited to the United States Attorney's
Office for the District of New Jersey and the Public Integrity
Section, Criminal Division, U.S. Department of Justice and cannot
bind other federal, state, or local authorities.  However, the
United States will bring this agreement to the attention of other
prosecuting offices, if requested to do so.

        This agreement was reached without regard to any civil or
administrative matters that may be pending or commenced in the
future against Andrew J. McCrosson, Jr.  This agreement does not
prohibit the United States, any agency thereof (including the
Internal Revenue Service or the Federal Election Commission), or
any third party from initiating or prosecuting any civil or
administrative proceeding against Andrew J. McCrosson, Jr.

        Prior to the date of sentencing, Andrew J. McCrosson, Jr.
shall:   (1) file accurate amended personal returns for calendar
years 1995 through 2009; (2) provide all appropriate
documentation to the Internal Revenue Service in support of such
returns, upon request; (3) pay to the Internal Revenue Service
all taxes and any penalties owed on those returns or, if unable
to do so, make satisfactory repayment arrangements with the
Internal Revenue Service; and (4) fully cooperate with the
Internal Revenue Service and comply with the tax laws of the
United States.   Further, Andrew J. McCrosson, Jr. agrees to allow
the contents of his IRS criminal file to be given to civil
attorneys and support staff of the Internal Revenue Service to
enable them to investigate any and all civil penalties that may
be due and owing by Andrew J. McCrosson, Jr.  With respect to
disclosure of the criminal file to the Internal Revenue Service,
Andrew J. McCrosson, Jr. waives any rights under Title 26, United
States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any
other right of privacy with respect to Andrew J. McCrosson, Jr.'s
tax returns and return information.

5

No Other Promises

   This agreement constitutes the plea agreement between Andrew J. McCrosson, Jr. and the United States and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                              Very truly yours,

                              PAUL J. FISHMAN
                              United States Attorney

                              JACK SMITH
                              Chief
                              Public Integrity Section


                              KEVIN T. SMITH
                              Senior Litigation Counsel
                              Assistant U.S. Attorney


NANCY SIMMONS                     TRACEE PLOWELL
Trial Attorney                    Trial Attorney
Public Integrity Section          Public Integrity Section
Criminal Division                 Criminal Division
U.S. Department of Justice        U.S. Department of Justice


APPROVED:


JAMES NOBILE                      RAYMOND N. HULSER
Chief                             Principal Deputy Chief
Special Prosecutions Division     Public Integrity Section
U.S. Attorney's Office            Criminal Division
District of New Jersey            U.S. Department of Justice


                              6

I have received this letter from my attorney, James J.
Leonard, Jr., Esq.  I have read it.  My attorney and I have
discussed it and all of its provisions, including those
addressing the charges, sentencing, stipulations, waiver,
forfeiture, and immigration consequences.  I understand this
letter fully.  I hereby accept its terms and conditions and
acknowledge that it constitutes the plea agreement between the
parties.  I understand that no additional promises, agreements,
or conditions have been made or will be made unless set forth in
writing and signed by the parties.  I want to plead guilty
pursuant to this plea agreement.


**AGREED AND ACCEPTED:**


_____          Date: 2.2.2011
ANDREW J. MCCROSSON, JR.


I have discussed with my client this plea agreement and all
of its provisions, including those addressing the charges,
sentencing, the stipulations, waiver, forfeiture, and immigration
consequences.  My client understands this plea agreement fully
and wants to plead guilty pursuant to it.


_____          Date: 2/2/11
JAMES J. LEONARD, JR., ESQ.


7

PLEA AGREEMENT WITH ANDREW J. MCCROSSON, JR.

### Schedule A

1.    The United States and Andrew J. McCrosson, Jr. recognize
that the United States Sentencing Guidelines are not binding upon
the Court.    The United States and Andrew J. McCrosson, Jr.
nevertheless agree to the stipulations set forth herein, and
agree that the Court should sentence Andrew J. McCrosson, Jr.
within the Guidelines range that results from the total
Guidelines offense level set forth below.    The United States and
Andrew J. McCrosson, Jr. further agree that neither party will
argue for the imposition of a sentence outside the Guidelines
range that results from the agreed total Guidelines offense
level.

2.    The version of the United States Sentencing Guidelines
effective November 1, 2010, applies in this case.    Counts 1 and 2
Group pursuant to U.S.S.G. § 3D1.2.    Pursuant to U.S.S.G. §
3D1.3, the Offense Level for the Group is determined by applying
the Guideline applicable to the offense or count that produces
the highest offense level.    Accordingly, the applicable guideline
for the Group is U.S.S.G. § 2C1.8.    This guideline carries a Base
Offense Level of 8.

3.    Specific Offense Characteristic § 2C1.8(b)(1) applies.
The parties agree that the value of the illegal transactions and
total embezzlement of campaign funds is more than $400,000 but
$1,000,000 or less over the life of the scheme and artifice to
defraud as described in the Information.    Accordingly, pursuant
to the cross-reference to U.S.S.G. § 2B1.1, this Specific Offense
Characteristic results in an increase of 14 levels.    See U.S.S.G.
§ 2B1.1(b)(1)(H).

4.    Specific Offense Characteristic § 2C1.8(b)(4) applies.
The parties agree that, over the life of the scheme and artifice
to defraud as described in the Information, Andrew J. McCrosson,
Jr. engaged in 30 or more illegal transactions by writing himself
checks from the campaign's bank account which were not authorized
and submitting false Federal Election Commission filings to
disguise the embezzlement.    Accordingly, this Specific Offense
Characteristic results in an increase of 2 levels.

5.    Andrew J. McCrosson, Jr. abused a position of private
trust in a manner that significantly facilitated the commission
and concealment of the relevant criminal activity, pursuant to
U.S.S.G. § 3B1.3.    This results in an increase of 2 levels.

6.  As of the date of this letter, Andrew J. McCrosson, Jr. has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Andrew J. McCrosson, Jr.'s acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7.  As of the date of this letter, Andrew J. McCrosson, Jr. has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Andrew J. McCrosson, Jr. enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Andrew J. McCrosson, Jr.'s offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Andrew J. McCrosson, Jr. will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

8.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to Andrew J. McCrosson, Jr. is 23 (the "agreed total Guidelines offense level").

9.  The parties agree not to seek or argue for any upward or downward departure or adjustment not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 23 is reasonable.

10.  Andrew J. McCrosson, Jr. knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 23. The United States will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 23. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that

stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

      11.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.